520 March 13, 2024 No. 177

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. M.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

C. M.,
*Appellant.*
Multnomah County Circuit Court
22CC06668; A180060

Michael J. Riedel, Judge.

Submitted November 15, 2023.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment of involuntary civil commitment entered on November 3, 2022. Appellant was committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on his being a "person with mental illness." ORS 426.130(1)(a)(C). Specifically, the trial court found that, as a result of a mental disorder, appellant was dangerous to others, ORS 426.005(1)(f)(A), and was unable to provide for his basic personal needs necessary to avoid serious physical harm in the near future, ORS 426.005(1)(f)(B). Appellant does not contest that he has a mental disorder (schizophrenia), but he argues that the evidence was insufficient to meet the legal standard for civil commitment. As described below, we agree and, accordingly, reverse. We consequently do not reach appellant's other assignment of error.

Appellant has not requested *de novo* review, nor do we provide it. *See* ORS 19.415(3)(b) (allowing discretionary *de novo* review in equitable proceedings); ORAP 5.40(8)(c) (we exercise such discretion "only in exceptional cases"). We are therefore "bound by the trial court's findings of historical fact that are supported by any evidence in the record," and we "review the court's dispositional conclusions, predicated on those findings, for errors of law." *State v. B. B.*, 240 Or App 75, 77, 245 P3d 697 (2010).

Having reviewed the record, we agree with appellant that the evidence was legally insufficient for civil commitment. Appellant damaged property in his apartment complex on two occasions prior to his hospitalization—a window on one occasion, and a coffee pot on another—and at times demonstrated some aggressive mannerisms (yelling, briefly "posturing," giving the middle finger, a menacing stare). However, there is no evidence that he had verbally threatened anyone, injured anyone, or attempted to injure anyone. "[T]he type of 'danger' necessary to justify an involuntary civil commitment is a narrow range of serious and highly probable threats of harm." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016); *see also, e.g., State v. K. M.*, 314 Or App 586, 592, 496 P3d 1099 (2021) ("[A]ctual future violence" must be "highly likely." (Internal quotation

marks omitted.)). The legal standard is not met on this record.

As for basic needs, for a civil commitment under ORS 426.005(1)(f)(B), a person's mental disorder must cause them to be "unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of 'serious physical harm'—meaning that the person's safe survival will be compromised—in the near future, even though that risk is not imminent." *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019). Here, there is evidence of unsanitary living conditions, poor personal hygiene, and noncompliance with psychiatric medications, but that evidence does not meet the standard for civil commitment. As for food, appellant's treatment provider expressed concern about appellant's ability to obtain food on his own, given his mental disorganization, but there is no evidence that appellant was malnourished or underweight upon arrival at the hospital, his lab tests were "unremarkable," he ate frequently in the hospital, and his housing provider "does food boxes for people who need extra help with food." A person's ability to provide for their basic needs must be assessed based on "existing, as opposed to future or potential, conditions." *State v. Headings*, 140 Or App 421, 426, 914 P2d 1129 (1996). Appellant's circumstances are unfortunate, but this case is in line with others in which we have held that the legal standard for a basic-needs commitment was not met. *See, e.g.*, *State v. M. B.*, 300 Or App 522, 526, 452 P3d 1006 (2019).

Reversed.